WIGGINS, Justice
(dissenting).
I dissent. .Iowa law is well-settled that the party seeking modification of a decree must prove by a preponderance of the evidence “that conditions since the decree was entered have so materially and substantially changed that the children’s best interests make it expedient 'to make the requested change.” In re Marriage of Frederick, 388 N.W.2d 156, 158 (Iowa 1983). The court entering the decree must not have contemplated the change in cir-cümstances when it entered the original decree. Id. Additionally, the change in circumstances must “be more or less permanent, not temporary.” Id. Finally, the parent seeking a modification of custody “must prove an ability to minister more effectively to the children’s well-being.” Id. .A party who seeks to modify custody must meet this heavy burden because once a court fixes custody “it should be disturbed .only for the most cogent reasons.” Id.
This record lacks sufficient evidence to prove by a preponderance of the evidence that a material and substantial change in circumstances occurred after the" district court entered its original decree, nor does it contain sufficient evidence to prove Angela has the ability to minister more effectively to .the children’s well-being. The district court entered the original decree on October 4, 2012. Angela appealed. We affirmed the original decree on September 20, 2013.. On October 22, Angela filed this modification action. On March 3, 2015, the district court re&sed to modify the decree. . On April 1, Angela appealed again., _. -
The purpose of this rendition of the facts is to point out that. Angela never gave the joint ■ custody award a chance: to work. When the district court entered the original decree, it considered the communication problems the parties had. However, I am confident the district court determined that after the animosity from ,.the dissolution proceedings ended and the -parties started focusing on- being parents, rather than adversaries, the joint - custodial relationship would work.. The district court contemplated the communication problems would exist until the parties left litigation mode and shifted to parenting mode. Un *446 til the parties complete the adversarial process and refocus their .energies on parenting, I cannot find a material and substantial change of. circumstances occurred such that the children’s best interests make it expedient to modify custody.
Moreover, I believe Angela’s continued litigious posture shows she is unable to minister more effectively to the children’s well-being. In contrast, the majority relies upon Angela’s relentless and continuous litigious activity to conclude a change of circumstances occurred. The majority has essentially reversed our decision of September 20,. 2013, and awarded Angela physical custody of. the children without holding her to the high burden set forth in Frederick In doing so, the majority gives Angela what she wanted all along.
The majority also misunderstands the legal rights of the parents in awarding Angela sole physical careV while retaining joint legal custody. The Code provides, “Rights and responsibilities as joint legal custodian of the child include'but are not limited to equal participation in decisions affecting the child’s legal status, medical care, education, extracurricular activities, and religious instruction.” Iowa Code § 598.41(5)(¾) (2013). When parties with joint legal custody dispute a child’s medical care, education, extracurricular activities, or religious instruction, they should submit their dispute to the court, not seek a modification. Here, the communication problems between the parties stem from, a dispute over medical care for the children. The majority ' disregards section 598.41(5)(&) by siding with Angela and not allowing the district court to decide this dispute- as' required by the Code.
For all these Reasons, I would affirm the district court decision denying the modification.
WATERMAN, J., joins this dissent.